# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID MOWETT,

        Plaintiff,

v.                                 Case No. 15-14166

AUTO OWNERS INSURANCE
COMPANY,

        Defendant.

_____/

## ORDER 1) DENYING DEFENDANT'S MOTION TO DISMISS; 2) STRIKING PLAINTIFF'S WITNESS LIST; AND 3) COMPELLING PLAINTIFF TO SERVE INITIAL DISCLOSURES

Pending before the court is the Defendant's "Motion to Dismiss." (Dkt. #20.) Plaintiff has not filed any response, and the time to do so has long since expired. E.D. LR 7.1(e). Having reviewed Defendant's brief in support of its motion, the court concludes that a hearing is unnecessary. *See* E.D. LR 7.1(f)(2).

Defendant argues that this court should dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 37 and 41(b) as a sanction for Plaintiff's failure to comply with discovery deadlines in serving his witness list or his initial disclosures. Preliminary witness lists were due on June 17, 2016, (Dkt. #18), but Plaintiff only filed them almost three months later on September 7, 2016, (Dkt. #21). The court has no indication that Plaintiff has complied with his obligation to serve his initial disclosures, which were due 14 days after the Parties' 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C). That conference was held on May 9, 2016, (Dkt. #16), and emails exchanged between

the parties indicate that these disclosures still had not been served as of July 19, 2016, (Dkt. #20-1).

When ruling on the proposed dismissal of a complaint for failure to comply with discovery obligations the court considers "(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Moses v. Sterling Commerce (America), Inc.*, 122 Fed. App'x 177, 182 (6th Cir. 2005). The scheduling order indicates that "ignorance of [the deadlines] can imperil claims or defenses." (Dkt. #18.) Mindful of the fact that Plaintiff is proceeding *pro se*, the court does not find that the record necessarily indicates willfulness, bad faith, or fault. This is the first time a discovery dispute has arisen in this suit. Defendant's contention that it is prejudiced by Plaintiff's failure to meet discovery deadlines is a serious concern, however. The court concludes that, although the sanction of dismissal is not warranted at this point, it will not turn a blind eye to Plaintiff's apparent disregard for the standards that this court's scheduling order and the Federal Rules require of litigants.

Federal Rule of Civil Procedure 16(f)(1) allows the court to sanction a party for failure to obey a scheduling order. This rule is designed "to promote familiarity with issues actually involved in the lawsuit so that parties can accurately appraise their cases and substantially reduce the danger of surprise at trial." *Clarksville-Montgomery Cty. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991) (quotation omitted). "The district court has discretion to impose whichever sanction it feels

2

appropriate under the circumstances." *Id.* The lack of any explanation for Plaintiff's failure to meet his obligations under the scheduling order is inexcusable. Defendant's motion could hardly have come as a surprise since Defendant threatened for months to seek the assistance of the court. (Dkt. #20-1.)

Plaintiff's Witness List will be stricken in light of the extreme and unexplained tardiness of its filing. If Plaintiff wishes to call any witnesses at trial, he must first file a motion for this court's consideration which shows good cause for why the testimony should be admitted. Any motion to this effect must be filed before the close of discovery on October 17, 2016. However, Plaintiff himself may testify without such a motion. Plaintiff will also be ordered to serve his initial disclosures to Defendant by October 5, 2016, if he has not already done so.

IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. #20) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Witness List (Dkt. #21) is STRICKEN.

IT IS FURTHER ORDERED that Plaintiff shall serve any outstanding initial disclosures to Defendant by **Wednesday, October 5, 2016**.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2016, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522