**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID MOWETT,

        Plaintiff,

v.                                      Case No. 15-14166

AUTO OWNERS INSURANCE
COMPANY,

        Defendant.
                                        /

**ORDER COMPELLING PRODUCTION OF DOCUMENTS,
SETTING STATUS HEARING, AND SUSPENDING MOTION DEADLINE**

At Defendant's request, the court held a telephonic status conference on the record on November 16, 2016, regarding a number of categories of relevant documents which Plaintiff had identified and promised to produce but had not served to Defendant. During the call, Defendant claimed to have first discovered the existence of these documents during a deposition of Plaintiff on October 17, 2016, the day that fact discovery closed. Defendant alleges that he has emailed this list of categories to Plaintiff at least twice–a claim which Plaintiff did not dispute. Plaintiff, who is proceeding *pro se*, explained that he was having difficulty marshaling the documents for service in a timely manner.

This court has previously admonished Plaintiff about his failure to comply with his discovery obligations and meet court-imposed deadlines. (Dkt. #24.) Though Defendant had previously requested dismissal as sanction for failure to submit a witness list, the court imposed the lesser penalty of striking the late-filed list and consequently requiring

Plaintiff to first show cause in writing before any witnesses other than himself could be called to testify at trial. This court made it clear that "[t]he lack of any explanation for Plaintiff's failure to meet his obligations under the scheduling order is inexcusable." (Dkt. #24, Pg. ID 131.) And yet, once again Plaintiff has failed to comply with the court ordered deadline by delaying production of relevant documents until after the close of discovery and indeed until the eve of the dispositive motion deadline. At this point, Plaintiff treads dangerously close to dismissal for his repeated failures to meet these obligations despite the court's warnings. See *Moses v. Sterling Commerce (America), Inc.*, 122 Fed. App'x 177, 182 (6th Cir. 2005) (discussing the factors courts consider when deciding whether to dismiss for discovery shortcomings). However, this court shall once again stop short of outright dismissal and allow Plaintiff another, final chance to right his ship.

Plaintiff shall produce to Defendant any extant document within the categories identified during the November 16, 2016 telephonic conference. A telephonic status conference shall commence on the record on December 19, 2016 at 4:15 pm where Defendant shall report whether Plaintiff has met these discovery obligations. Should Plaintiff have failed to do so, this court shall issue an order to show cause for why the case should not be dismissed for failure to comply with discovery obligations. In the meantime, the court shall suspend the deadline for the filing of dispositive motions to prevent prejudice to either party, and the court shall set the new deadline for such motions at the telephonic status conference.

IT IS ORDERED that a telephonic status conference shall commence on the record **on December 19, 2016 at 4:15 pm .** The court shall initiate the call.

IT IS FURTHER ORDERED that the deadline for submission of dispositive motions is suspended.

    S/Robert H. Cleland              
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 17, 2016, by electronic and/or ordinary mail.

    S/Lisa Wagner                  
Case Manager and Deputy Clerk
(313) 234-5522