UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOWETT,

        Plaintiff,

v.                                                     Case No. 15-14166

AUTO OWNERS INSURANCE
COMPANY,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT**

After a status conference on December 19, 2016, where Plaintiff admitted to having failed to meet an extended discovery deadline, this court issued an order for Plaintiff to show cause in writing why the complaint should not be dismissed for discovery violations. (Dkt. #29.) The details of these failures are outlined in a memorandum filed by Defendant. (Dkt. #28.) Plaintiff filed his response to the order to show cause, (Dkt. #30), and Defendant has filed a reply, (Dkt. #31.) For the following reasons the court will dismiss Plaintiff's complaint.

**I. BACKGROUND**

Plaintiff alleges that Defendant wrongly refused to honor his insurance claim after a flood damaged his home and property. He agreed to dismissal of all but his breach of contract claim. (Dkt. #17.) On September 30, 2016, the court denied a motion by Defendants which sought dismissal as a remedy for Plaintiff having failed to serve timely initial disclosures and a three-month delay in the submission of his witness list. (Dkt. #24.) However, the court struck Plaintiff's late-filed witness list, ordered Plaintiff to

serve his initial disclosures, and admonished Plaintiff that dismissal was a possible sanction for further discovery shortcomings.

A few weeks later, the parties held a telephonic status conference at Defendant's request to discuss documents which Plaintiff had identified during his deposition—on the eve of the close of fact discovery—but neglected to produce. During the call, Plaintiff did not deny the existence of these documents nor the fact that he had not produced them. The court entered an order compelling the production of the identified documents by December 19, 2016, when the court would hold another status conference. The court's order could not possibly have been clearer about the consequences of continued missteps. It explained that "Plaintiff treads dangerously close to dismissal for his repeated failures" but that the court would "once again stop short of outright dismissal and allow Plaintiff another, final chance to right his ship." (Dkt. #27, Pg. ID 140.) At the December status conference, Plaintiff admitted that some outstanding documents still had not been produced to Defendant, and the court ordered Defendant to file a memorandum which outlined the items that were still owing. (Dkt. #28.) Shortly thereafter, this court issued the order to show cause why the complaint should not be dismissed as a sanction under Federal Rule of Civil Procedure 37. (Dkt. #29.)

Plaintiff's response contends that he struggled to obtain and coordinate with counsel in managing discovery, and that the lateness of his own deposition was not his fault. These things are essentially irrelevant to the court's order, which concerned the continued failure to produce relevant discoverable documents within the time-frame ordered by the court. Plaintiff also argues that he substantially complied with the court's

order because he produced nearly all of the responsive items before the court-imposed deadline.

Defendant argues that Plaintiff had ample opportunity to make good on his discovery obligations. It contends that since these documents should have been identified in Plaintiff's late-filed initial disclosures, Plaintiff should not have scrambled following his deposition to marshal them. Additionally, Defendant points out that Plaintiff's background is not that of an unsophisticated litigant, as it includes a Master's Degree in technology as well as experience as a *pro se* Plaintiff in four other lawsuits. It also indicates that a crucial document, the spreadsheet of the estimation of Plaintiff's damage in support of his Proof of Loss, was not produced until after the December 19, 2016 deadline, and contends that some requested documents still remain outstanding.

## II. STANDARD

"Federal Rule of Civil Procedure 37(b)(2) authorizes a court to dismiss a case when a party has failed to obey an order regarding discovery." *Moses v. Sterling Commerce (Am.), Inc.*, 122 F. App'x 177, 182 (6th Cir. 2005). When reviewing the dismissal of a complaint, the court considers four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.*

3

### III. DISCUSSION

Plaintiff's continued deviation from the ordered course of discovery despite repeated warnings from the court inspires little confidence that, even if this case were allowed to proceed, he would leap to action and readily conduct what remains of the case in a manner which evidences a respect for the time and resources of opposing counsel and this court. For months the court has provided clear warning about the perils of further noncompliance with court-imposed deadlines, but to very little effect.

Understanding that Plaintiff struggled to assemble the resources to prosecute this case, his conduct still evidences a willful disregard for his clearly delineated obligations, first to file timely and complete initial disclosures and a witness list, then to produce specifically identified documents within an extended deadline while the court explicitly warned Plaintiff of potentially drastic sanctions. The court earlier imposed the lesser sanction of striking Plaintiff's witness list, but evidently even this was not sufficient to induce an appreciation for the significance of his discovery obligations. Additionally, Defendant has clearly been prejudiced by incurring costs and delays while trying to belatedly drag from Plaintiff items which are typically freely exchanged over the normal term of fact discovery without incident. Thus, every factor favors dismissal.

Plaintiff's response is inadequate to successfully oppose this account of the record. The court will not wade into the details of the emails exchanged between the parties over the course of discovery and other sundry. The simple fact remains that this court ordered production of the outstanding documents, in no uncertain terms, by a clear deadline–one more deadline which Plaintiff has left unmet without excuse. The fact that Plaintiff is proceeding *pro se* does not meaningfully alter the analysis. Plaintiff's

missteps were no technical procedural default which required special training to avoid. Therefore the court will dismiss Plaintiff's complaint. However, the court will not award Defendant fees and costs as requested. Even for the conduct discussed here, such a sanction coupled with dismissal looms too large.

### IV. CONCLUSION

IT IS ORDERED that Plaintiff's complaint (Dkt. #1) is DISMISSED WITH PREJUDICE.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: March 1, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 1, 2017, by electronic and/or ordinary mail.

    S/Shawna C. Burns
    Case Manager Generalist
    (810) 984-2056