UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOWETT,

        Plaintiff,

v.                                       Case No. 15-14166

AUTO OWNERS INSURANCE
COMPANY,

        Defendant.
                                             /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION**

        Pending before the court is Plaintiff's Motion for Reconsideration. (Dkt. #34.) Defendant has not filed a response, but after reviewing the brief, the court deems that none is necessary. Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)). The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

        Plaintiff argues that the court should reconsider its earlier grant of dismissal as a sanction for failure to comply with the court's orders regarding his discovery obligations, (Dkt. #32), on the basis that Defendant did not truly attempt to resolve discovery

disputes in good faith, that Defendant made unspecified "grossly erroneous assumptions to the court[,]" that Plaintiff struggled to communicate with opposing counsel, that Plaintiff is "not aware if local counsel was present" at a status conference in November, that Plaintiff's failure to comply with the December 19th deadline was really the result of a technical failure, and that he suffered from medical problems resulting in "sudden and necessary medical procedures" which "negatively affected Plaintiff in the months of November and December[,]" (Dkt. #34, Pg. ID 240-41).

None of the above items identify a palpable defect in the court's order, the correction of which would result in a different resolution of the case. Most of the items "merely present the same issues ruled upon by the court." *See* E.D. Mich. L.R. 7.1(h)(3). The court sympathizes with Plaintiff's medical problems, but it began threatening dismissal as a sanction in September for misconduct which occurred as early as June, before Plaintiff's illness emerged, (*See* Dkt. #24). Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (Dkt. #34) is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 23, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 23, 2017, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 984-2056